UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA ROBINSON,<br><br>            Plaintiff,<br><br>      v.<br><br>DONALD W. ENGEL, Yakima County District Court Judge, and JOHN E. MAXWELL, Toppenish County Municipal Court Judge,<br><br>            Defendants. | NO. CV-08-3010-EFS<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

Before the Court, without oral argument, is Plaintiff's First Amended Complaint (Ct. Rec. 6), filed April 21, 2008. After review, the Court finds Plaintiff's First Amended Complaint fails to cure the deficiencies contained in the initial complaint.

Plaintiff alleges that Defendant Donald W. Engel,[1] a Yakima County District Court Judge, wrongfully imprisoned her and that this wrongful

---

[1] While Defendant John E. Maxwell was listed in the initial complaint, Plaintiff never mentioned this Defendant in her First Amended Complaint.

ORDER * 1

imprisonment caused her pain, suffering, and emotional distress. (Ct. Rec. 6-2.) Plaintiff has been previously advised that judges are absolutely immune from liability for judicial acts performed within their jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 359 (1978). An act is "judicial" when it is a function normally performed by the judge and the parties dealt with the judge in his judicial capacity. *Id.* at 357; *Crooks v. Maynard,* 913 F.2d 699, 700 (9th Cir. 1990).

Absolute immunity exists even when there are allegations that the judge acted erroneously, irregularly, or maliciously. *In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002). The purpose behind judicial immunity is to ensure that an independent and impartial exercise of judgment vital to the judiciary is not impaired by exposure to potential liability. *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435 (1993).

Here, Defendant Engel was performing a judicial act within his jurisdiction. Plaintiff appeared before Defendant Engel on criminal charges, and Defendant Engel issued a sentence. There are no facts indicating Defendant Engel acted in the "clear absence of all jurisdiction." *Crooks,* 913 F.2d at 700. Although granted the opportunity to do so, Plaintiff has not alleged any facts that lower the judicial immunity shield.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's First Amended Complaint (Ct. Rec. 6) is **DISMISSED with prejudice** for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii), (iii).

1 | **IT IS SO ORDERED.** The District Court Executive is directed to:
2 | 1) enter this Order;
3 | 2) enter judgment of dismissal **with prejudice**;
4 | 3) forward a copy to Plaintiff at her last known address; and
5 | 4) close the file
6 | **DATED** this ___28th___ day of May 2008.

                        S/ Edward F. Shea
                         EDWARD F. SHEA
                  United States District Judge

Q:\Civil\2008\3010.Dismiss.Complaint.wpd

ORDER * 3